**Joseph Barnard HINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–01384–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 8, 2001.

Charles A. Brown, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and MAURICE AMIDEI.[1]

## OPINION

MAURICE AMIDEI, Justice (Assigned).

Appellant, Joseph Hines, was convicted by a jury of the felony offense of aggravated sexual assault. *See* Tex.Pen.Code Ann. § 22.021 (Vernon Supp.2000). After making a deadly weapon finding, the jury sentenced appellant to life imprisonment in the Institutional Division of TDCJ. Raising three issues for review, appellant now challenges his conviction. We affirm.

### Background

On the evening of December 14, 1997, complainant, fifteen year-old Judy Vong, returned home from dinner and sat down in the living room of her parents' home to watch television. Sometime around seven o'clock, Vong fell asleep when, about one hour later, she awoke to the sound of three men kicking open the front door. As the door swung open, three armed men forcefully ushered in complainant's parents and held them at gunpoint. When complainant turned to see what was occurring, one of the assailants promptly slapped her face and covered her eyes with his hand. The same individual then ordered her to cover her eyes, remove her clothes, and lie on a quilt spread on the floor. Once complainant had complied, the assailant sexually assaulted her by penetrating her vagina with his penis. Upon completion of this act, the assailant then forced complainant to perform oral sex on him. A second assailant then simultaneously penetrated complainant's vagina with his penis.

During the entire criminal episode, complainant only caught a fleeting glimpse of the first assailant to sexually assault her, this occurring the instant before he slapped her. Neither did complainant's mother or father see any of the assailants as the father was made to bury his face in a couch and the mother ordered to keep her eyes shut. As a result, the appellant was never identified by the Vongs as a party to the crime. However, police investigators recovered semen samples from the quilt on which complainant was sexually assaulted and later performed DNA testing on the samples. Based on the results of this DNA analysis, a jury subsequently convicted appellant of the aggravated sexual assault of complainant. Challenging his conviction, appellant now raises three issues for review.

### Cross–Examination of Alibi Witness

■ In his first issue, appellant contends that the trial court erred by allowing the State to conduct its cross-examination of an alibi witness in such a way that the witness was stripped of all credibility. As a result, he argues, the prosecutor was allowed to decide the credibility of the alibi witness, thereby denying him his entitlement to trial by jury. Based on our holding in *Abney v. State*, we find this point to be without merit. 1 S.W.3d 271 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

In *Abney*, the appellant argued that the trial court erred by allowing the State to ask defense alibi witnesses why, after learning that appellant had been arrested for murder, they failed to notify police that appellant was with them at the time of the offenses. *Abney*, 1 S.W.3d at 276. Rejecting appellant's claim that the State's questioning shifted the burden of proof to appellant, this court held that such questioning merely challenged the credibility of the alibi witnesses' testimony. *Id.* In the same way, we reject appellant's claim that the State's questioning of appellant's alibi witness amounted to denial of trial by jury. Rather, the State's inquiry into why appellant's alibi witness did not come forward earlier merely challenged the credibility of appellant's alibi witness. Accordingly, the

---

1. Former Justice Maurice Amidei sitting by assignment.

trial court did not err in overruling defense counsel's objections to these questions.

■ As a subissue, appellant also argues that the State's previously described questioning of appellant's alibi witness constituted "improper evidence of guilt." Based on a reading of appellant's brief and the cases cited as support for this subissue, we conclude that he complains of extraneous offense evidence under Rule of Evidence 404. *See* TEX.R.EVID. 404. Nevertheless, appellant fails to offer any relevant authority for the proposition that the State's credibility challenge to a defendant's alibi witness constitutes a violation of Rule 404. As a result of this failure, we find appellant's subissue to be inadequately briefed. *See* TEX.R.APP.P. 38.1(h); *Tong v. State*, 25 S.W.3d 707, 710 (Tex.Crim. App.2000). Appellant's first issue is overruled.

### *Admission of DNA Evidence*

■ Appellant next argues that the trial court erred in admitting evidence of DNA test results linking him to the assault. Specifically, appellant contends that the State's failure to demonstrate that proper protocol had been followed during DNA extraction process rendered the results inadmissible. We disagree.

■ Under Texas Rule of Criminal Evidence 702, the trial court must determine whether proffered scientific expert testimony "is sufficiently reliable and relevant to help the jury in reaching accurate results." *Kelly v. State*, 824 S.W.2d 568, 572 (Tex.Crim.App.1992). To be considered reliable, evidence based on a scientific theory must satisfy three criteria: "(1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question." *Id.* at 573. The *Kelly* standard is not limited to novel scientific evidence, but applies to all scientific evidence offered

under Rule 702. *Hartman v. State*, 946 S.W.2d 60, 63 (Tex.Crim.App.1997).

■ In conducting our review of a lower court's decision to admit scientific evidence, we apply an abuse of discretion of standard. *Griffith v. State*, 983 S.W.2d 282, 287 (Tex.Crim.App.1998). Under this standard, we must determine whether the trial court's decision fell within the zone of reasonable disagreement given the evidence presented and the requirements of Rule 702. *Kelly*, 824 S.W.2d at 574. Finally, Texas law authorizes us to conduct a *de novo* review of this mixed question of law and fact as the admissibility issue does not turn on the credibility and demeanor of the State's witnesses. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997).

In the instant case, Dr. Joseph Mathew, DNA analyst with the Harris County medical examiner's lab, testified that he performed the DNA extractions utilizing the RFLP test method. He explained that, in order to prevent cross-contamination or cross-labeling of DNA from different persons, the extraction protocol required that no two extractions be done at the same time and in the same place. During cross-examination, counsel for appellant attempted to establish that, during the extraction of appellant's DNA, Matthew breached this protocol as his extraction report noted that appellant's and one other extraction had been done on the same day. Mathew repeatedly affirmed, however, that proper protocol had been followed and that no cross-contamination or cross-labeling occurred.

After careful review of the record, we find nothing to suggest that Mathew deviated from the proper protocols. Moreover, appellant does not point to an example of Mathew using improper protocol; rather, his argument merely raises the possibility that, because appellant's DNA was extracted on the same day as that of another suspect, proper procedures were not followed. Accordingly, we find that the trial court properly admitted the DNA

testimony and that no abuse of discretion occurred. Appellant's second issue is overruled.

### Legal Insufficiency

■ Having overruled appellant's first two issues, we now turn to his legal insufficiency claim. Here, appellant argues that, because the trial court erred in admitting the State's DNA test results, the evidence at trial was legally insufficient to support the identification of appellant as one of the parties to the crime. We disagree.

■ In determining whether the evidence is legally sufficient to support a verdict, we view the evidence in the light most favorable to the verdict, asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

The essential elements of aggravated sexual assault, as applicable to appellant's case, require that a person: (1) intentionally, (2) cause the penetration of the female sexual organ of another person by any means, (3) without that person's consent, (4) by using acts or words placing the victim in fear that death will be imminently affected on any person. *See* TEX.PEN. CODE ANN. § 22.021 (Vernon Supp.2000). Testimony at trial showed that a black male, while placing a gun to the head of complainant, forced her to remove her clothes and lie on the floor. This same man then penetrated complainant's vagina with his penis. During the course of his crime, evidence also showed that the same man uttered death threats to complainant, stating that he would kill her unless she had sex with him. Finally, the State compared DNA taken from appellant with DNA extracted from semen samples found on a quilt where the sexual assault occurred. Based on this comparison, the State introduced testimony that a mere one in 1.37 billion chance existed that the DNA found on the quilt could have come from someone other than appellant—a black male. Taken in the light most favorable to the jury's verdict, we believe that, given this testimony, any rational trier of fact could have found all the elements of aggravated sexual assault in this case. Accordingly, we overrule appellant's third issue for review and affirm the judgment of the trial court.