**Anthony TIGG et al.**

v.

**PIRELLI TIRE CORPORATION et al.**

Supreme Court of Tennessee,
at Nashville.

June 6, 2007 Session.

Aug. 16, 2007.

Richard L. Colbert, Nashville, Tennessee, for the appellant, Pirelli Tire Corporation.

George E. Barrett, Gerald E. Martin, David W. Garrison, and Edmund L. Carey, Jr., Nashville, Tennessee, for the appellants, United Steelworkers of America and United Rubber, Cork, Linoleum and Plastic Workers of America Local Union 670.

F. Dulin Kelly, Clinton L. Kelly, and Andy L. Allman, Hendersonville, Tennessee, for the appellees, Anthony Tigg, Levance Madden, Jr., Ronald Elliott, Vickie

Dillworth, Daphney Cecil, Hershel D. Brooks, Jr., Eugene O. Coffman, Jr., Donald Elliott, Eric Thompson, Karz Miller, and Terrence Bryson.

## OPINION

WILLIAM M. BARKER, C. J., delivered the opinion of the court, in which JANICE M. HOLDER, CORNELIA A. CLARK, and GARY R. WADE, JJ. joined.

The eleven plaintiffs in this case were hired to replace union employees who were on strike against Pirelli Tire Corporation. Once the strike ended, Pirelli Tire Corporation terminated the plaintiffs' employment. Years later, the plaintiffs filed this lawsuit naming Pirelli Tire Corporation, United Steelworkers of America, and United Rubber, Cork, Linoleum and Plastic Workers of America ("URW") Local Union 670 as defendants. Upon the defendants' motion, the trial court dismissed the plaintiffs' complaint as untimely. The Court of Appeals reversed the dismissal as to two of the plaintiffs' claims. The defendants, Pirelli Tire Corporation, United Steelworkers of America, and URW Local Union 670, have appealed. We granted review to determine whether the previous timely commencement of a class action by other terminated replacement workers tolled the statutes of limitations applicable to the plaintiffs' lawsuit. We hold that the complaint filed by the previous plaintiffs, which purported to be a class action, did not operate to toll the statutes of limitations for the plaintiffs in this case after the time for seeking class certification expired. We reverse the judgment of the Court of Appeals and affirm the trial court's dismissal of the plaintiffs' complaint as untimely. Our ruling that the plaintiffs' action is barred by the statutes of limitations is dispositive of the case; therefore, we will not address the other issues presented by the parties.

This appeal is presented to the Court upon the defendants' motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. *Trau–Med of Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696 (Tenn.2002); *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.,* 986 S.W.2d 550, 554 (Tenn.1999). Accordingly, the underlying facts in this case are derived from the complaint.

In 1994, most of the employees at Pirelli Tire Corporation, a tire manufacturing company, were members of the United Steelworkers' Union and URW Local Union No. 670. On July 15, 1994, the union employees went on strike. The tire company then hired replacement workers, including the plaintiffs, to perform the striking employees' work. The replacement workers were promised permanent positions.

In the Fall of 1994, the bargaining between the unions and the tire company reached an impasse; the tire company declared the strike illegal and terminated the employment of the striking union members. Following further negotiations, the tire company entered into a new bargaining agreement with the unions, and the strike ended around March 27, 1995. The tire company then began to rehire the union employees and terminate the employment of the replacement workers; all of the replacement workers were terminated by September of 1995.

On October 2, 1995, three of the replacement workers filed a timely complaint in the Davidson County Circuit Court, naming the tire company and the unions as defendants. Against the tire company, the three replacement workers' complaint alleged claims of a breach of contract and retaliatory discharge; against the unions, the three replacement workers' complaint alleged a claim for the procurement of breach of an employment contract. Their complaint also included a request for certification as a class action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure.

On October 25, 1995, the lawsuit of the three replacement workers was removed to federal court. The action remained pending before the United States District Court for the Middle District of Tennessee for six months until it was remanded back to Davidson County Circuit Court on April 29, 1996. On May 9, 2002, the three replacement workers settled their claims and voluntarily dismissed the complaint. During the pendency of the lawsuit, no motions seeking or opposing class certification were pursued. Consequently, the trial court never certified the case as a class action.

 On August 16, 2002, the plaintiffs presently before the Court, who were also replacement workers, filed this class action lawsuit in the Davidson County Circuit Court. Against the tire company, the plaintiffs allege the grounds of breach of contract and wrongful discharge. Against the unions, the plaintiffs allege the ground of procurement of a breach of contract.

The defendants responded to the complaint with a motion to dismiss based on both the applicable statutes of limitations and the equitable doctrine of laches.[1] The trial court dismissed the complaint, finding the claims untimely under the statutes of limitations and inequitable under the doctrine of laches. On appeal, however, the Court of Appeals applied a class action tolling rule to conclude that the limitations periods for the claim of breach of contract and the claim of procurement of a breach of contract were tolled during the pendency of the prior lawsuit involving identical claims by the three replacement workers. Under this reasoning, the Court of Appeals reversed the dismissal of the breach of contract and the procurement of a breach of contract claims.[2] Upon the defendants' appeal to this Court, both the plaintiffs and the defendants raise issues related to collateral estoppel, federal preemption under the Labor Management Relations Act and the National Labor Relations Act, intrajurisdictional tolling of limitations periods for pending class actions, and laches.

### Standard of Review

 This appeal originates from a motion to dismiss in which the defendants assert that the plaintiffs fail to state a claim upon which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). "In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau–Med of*

---

1. Breach of contract claims have a statute of limitations of six years. Tenn.Code Ann. § 28–3–109(a)(3) (2000). Claims for interference with contract have a statute of limitations of three years. Tenn.Code Ann. § 28–3–105(1) (2000).

2. The Court of Appeals affirmed the dismissal of the wrongful discharge claim because it was not a ground for relief in the complaint originally filed by the three replacement workers in 1995. The dismissal of the wrongful discharge claim is not raised as an issue in this appeal.

*Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696 (Tenn.2002). Therefore, the factual allegations are taken as true, and our review is limited to the lower court's legal conclusions. These questions of law are reviewed de novo with no presumption that the lower court's conclusions are correct. *White v. Revco Disc. Drug Ctrs., Inc.,* 33 S.W.3d 713, 718 (Tenn.2000).

### Analysis

█ Although we are presented with several issues, the critical question in this case is whether the complaint filed in 1995 by the three replacement workers, which purported to be a class action, tolled the statutes of limitations governing the claims for prospective members of the class until the settlement in 2002. We hold that the 1995 complaint did not operate to toll the applicable statutes of limitations after the time for class certification expired. The plaintiffs' complaint is untimely, and the other issues are pretermitted.

█ Under the class action tolling rule applicable in federal court, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). The limitations period "remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Therefore, in federal courts, when a court denies certification of a class, the members of the proposed class may file individual lawsuits or intervene in the pending action within the statutory limitations period, which begins to run again on the date that the court denies class action certification. The justification for tolling the limitations

periods in these cases rests on what the United States Supreme Court has described as a principal function of class action lawsuits—the avoidance of repetitious filings of pleadings and motions by numerous class members. *American Pipe,* 414 U.S. at 551, 94 S.Ct. 756.

The theory upon which *American Pipe* relies is that the filing of a class action is a representative suit such that "the claimed members of the class [stand] as parties to the suit" until and unless they receive notice of the suit and choose not to continue. *Id.* at 551, 94 S.Ct. 756. Therefore, it is appropriate to toll the statutes of limitations not only for the named plaintiffs but also for those claimed members of the class who might subsequently participate in the suit. As the Court in *American Pipe* noted, a contrary rule would deprive class actions of the "efficiency and economy of litigation which is a principal purpose of the procedure." *Id.* at 553, 94 S.Ct. 756. "Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable.... [A] rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions." *Id.* at 553–54, 94 S.Ct. 756.

█ As the Court in *American Pipe* explained, a rule allowing class action tolling is not inconsistent with the purposes of statutes of limitations. 414 U.S. at 554, 94 S.Ct. 756. Statutory limitation periods are designed to ensure fairness " 'by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' " *Id.* (quoting *Order of R.R. Telegraphers v. Ry. Express Agency,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 88 L.Ed. 788 (1944)); *see also Quality Auto Parts Co. v. Bluff City Buick Co.,* 876 S.W.2d

818, 820 (Tenn.1994) ("[T]he policy reasons for the development of statutes of limitations [are] to ensure fairness to the defendant by preventing undue delay in bringing suits on claims, and by preserving evidence so that facts are not obscured by the lapse of time or the defective memory or death of a witness."). In addition, statutes of limitations serve the purpose of giving notice to defendants of potential lawsuits. *American Pipe,* 414 U.S. at 554, 94 S.Ct. 756. The policy of ensuring fairness to defendants is satisfied when a named plaintiff of a class commences a suit and timely "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *Id.* at 554–55, 94 S.Ct. 756.

In *Maestas v. Sofamor Danek Group, Inc.,* 33 S.W.3d 805 (Tenn.2000), we declined to adopt a class action tolling rule where the original class action was filed in federal court, class certification was denied, and the plaintiffs subsequently filed an untimely lawsuit raising the same claims in a Tennessee state court. In *Maestas,* one of the reasons we rejected a cross-jurisdictional tolling rule was that it would not serve the purpose outlined in *American Pipe,* in that numerous protective filings by individual class members in a federal class action case would not impact our state courts. *Id.* at 808. Additionally, because few states allow cross-jurisdictional tolling, we noted that adopting a cross-jurisdictional tolling rule could result in an increase in the number of cases filed by plaintiffs from other states. *Id.* Our decision also rested on the conclusion that such a cross-jurisdictional tolling rule would "essentially grant to federal courts the power to decide when Tennessee's statute of limitations begins to run." *Id.* at 809.

In rejecting cross-jurisdictional tolling in *Maestas,* we commented on a form of class action tolling known as intra-jurisdictional tolling, which tolls statutes of limitations *within the same court system* during the pendency of a class action for potential members of the class:

> We recognize that several jurisdictions have adopted *intrajurisdictional* tolling. *See Wade v. Danek Med., Inc.,* 182 F.3d 281, 286–87 (4th Cir.1999) (citing multiple authorities); *Staub v. Eastman Kodak Co.,* 320 N.J.Super. 34, 726 A.2d 955, 963–64 (N.J.Super.Ct.App.Div.1999) (same). "Tolling the statute of limitations for individual actions filed after the dismissal of a class action is sound policy when both actions are brought in the same court system." *Portwood v. Ford Motor Co.,* 183 Ill.2d 459, 233 Ill.Dec. 828, 701 N.E.2d 1102, 1104 (Ill.1998). The rationale for that rule is that if the statute of limitations were not tolled, that single system would be burdened both by the class action litigation and by numerous protective filings from the members of the class seeking to preserve their rights to bring suit individually should class certification be denied. *See id.; see also Wade,* 182 F.3d at 286.

*Maestas,* 33 S.W.3d at 808.

A majority of other states have adopted a rule allowing equitable tolling during the pendency of a class action in their own courts. *See, e.g., White v. Sims,* 470 So.2d 1191, 1193 (Ala.1985); *First Baptist Church of Citronelle v. Citronelle–Mobile Gathering, Inc.,* 409 So.2d 727, 730 (Ala. 1981); *Nolan v. Sea Airmotive, Inc.,* 627 P.2d 1035, 1042 (Alaska 1981); *Blaylock v. Shearson Lehman Bros., Inc.,* 330 Ark. 620, 954 S.W.2d 939, 941 (Ark.1997); *Rosenthal v. Dean Witter Reynolds, Inc.,* 883 P.2d 522, 531–32 (Colo.Ct.App.1994), *aff'd in part and rev'd in part on other grounds,* 908 P.2d 1095 (Colo.1995);

*Grimes v. Housing Auth. of New Haven,* 242 Conn. 236, 698 A.2d 302, 307 (1997); *Levi v. Univ. of Hawaii,* 67 Haw. 90, 679 P.2d 129, 132 (1984); *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988, 1010 n. 28 (1982); *Arnold v. Dirrim,* 398 N.E.2d 426, 440 (Ind.Ct.App.1979); *Lucas v. Pioneer, Inc.,* 256 N.W.2d 167, 180 (Iowa 1977); *Steinberg v. Chi. Med. Sch.,* 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634, 645 (Ill.1977); *Waltrip v. Sidwell Corp.,* 234 Kan. 1059, 678 P.2d 128, 132 (1984); *Philip Morris USA, Inc. v. Christensen,* 394 Md. 227, 905 A.2d 340, 353 (2006); *Northview Constr. Co. v. City of St. Clair Shores,* 395 Mich. 497, 236 N.W.2d 396, 406 n. 11 (Mich.1975); *Hyatt Corp. v. Occidental Fire & Cas. Co.,* 801 S.W.2d 382, 389 (Mo.Ct.App.1990); *Staub v. Eastman Kodak Co.,* 320 N.J.Super. 34, 726 A.2d 955, 967 (N.J.Super.Ct.App.Div.1999); *Vaccariello v. Smith & Nephew Richards, Inc.,* 94 Ohio St.3d 380, 763 N.E.2d 160, 163 (Ohio 2002); *Bergquist v. Int'l Realty, Ltd.,* 272 Or. 416, 537 P.2d 553, 561 (1975); *Mun. Auth. of Westmoreland County v. Moffat,* 670 A.2d 747, 749 (Pa.Commw.Ct.1996); *Grant v. Austin Bridge Constr. Co.,* 725 S.W.2d 366, 370 (Tex.App.1987); *Am. Tierra Corp. v. City of West Jordan,* 840 P.2d 757, 762 (Utah 1992).

The plaintiffs urge us to adopt an intrajurisdictional tolling doctrine for class actions and argue that their actions are timely because the statutes of limitations on their actions were tolled by the 1995 complaint filed by the previous plaintiffs and remained tolled until the previous plaintiffs settled their suit on May 9, 2002.

The complaint upon which the plaintiffs rely in this case to toll the statutes of limitations was filed on October 2, 1995, in Davidson County Circuit Court and removed to federal court on October 25, 1995. The action remained pending before the United States District Court for the Middle District of Tennessee for six months until it was remanded back to Davidson County Circuit Court on April 29, 1996. On May 9, 2002, the previous plaintiffs settled their claims and voluntarily dismissed their complaint. On August 16, 2002, the plaintiffs in this case filed their complaint in Davidson County Circuit Court.

The class action tolling doctrine is dependent upon the plaintiffs seeking class certification. Under the class action tolling doctrine, the statutes of limitations are tolled "during the period in which the plaintiffs sought class certification." *Maestas,* 33 S.W.3d at 807. A party invoking Rule 23 of the Tennessee Rules of Civil Procedure has the burden of showing that all the prerequisites to utilize the class action procedure have been satisfied. *Hamilton v. Gibson County Util. Dist.,* 845 S.W.2d 218, 225 (Tenn.Ct.App. 1992) (citing *Albriton v. Hartsville Gas Co.,* 655 S.W.2d 153, 154 (Tenn.Ct.App. 1983)).

Tennessee Rule of Civil Procedure 23.03(1) requires the court to certify a class action "as soon as practicable after the commencement of an action brought as a class action." In response to this rule, Davidson County Circuit Court has adopted a local rule specifying the time within which putative class plaintiffs must file their motions for class certification. Rule 26.14 of the Davidson County Circuit Court provides that "[w]ithin sixty (60) days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a determination under Tenn. R. Civ. P. 23.03(1) whether the case is to be maintained as a class

action." [3]

The burden upon plaintiffs seeking class certification includes the burden to seek class certification "as soon as practicable after the commencement of an action brought as a class action." Tenn. R. Civ. P. 23.03(1). Applying Local Rule 26.14 of the Davidson County Circuit Court to the case at bar, the previous plaintiffs had sixty days to move for class certification after their action was remanded to the circuit court on April 29, 1996. The previous plaintiffs did not file a motion seeking class certification within sixty days of April 29, 1996, nor did they seek class certification in the following six years before they settled their suit with the defendants.

In *Hackman v. Harris,* 225 Tenn. 645, 475 S.W.2d 175 (Tenn.1972), we confronted an analogous situation in which a local rule provided a limitation period to request a jury trial. The defendant failed to make a timely jury demand. We concluded that the trial court was correct in denying the defendant a jury trial based on the defendant's failure to comply with the local rule. *Id.* at 177. We recognized that local trial courts are empowered to enact and enforce local rules as long as those rules do not conflict with general law. *Id.; see* Tenn. Code Ann. § 16–2–511 (1994).

In *Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010, 1019 (9th Cir.2000), which arose out of the same strike at issue in this case, the plaintiffs argued that the filing of a previous class action tolled the statutes of limitations that was applicable to their action. In *Aguilera,* replacement workers from a Pirelli Tire plant in Hanford, California, filed a class action on behalf of 175 replacement workers laid off in 1995. *Id.* at 1018. These plaintiffs claimed that their action was tolled by a prior class action filed by other replacement workers. In the prior case, the trial court had set a deadline for filing a motion for seeking class certification. *Id.* The deadline passed without the filing of a motion for class certification. The court concluded that whatever tolling applied from the filing of the prior action, the tolling ceased after the passing of the deadline. *Id.* at 1019; *see also Javier H. v. Garcia–Botello,* 239 F.R.D. 342, 349 (W.D.N.Y.2006) (holding that the statutes of limitations for prospective members of a class were tolled by filing of class action but the statutory limitations period began to run again after 120 days because plaintiffs in class action failed to move for certification in compliance with local rules); *Lee v. Dell Prods., L.P.,* 236 F.R.D. 358, 362 (M.D.Tenn.2006) (same).

In this instance, even if we were to adopt a class action tolling doctrine, we would hold that the plaintiffs are barred by the statutes of limitations on their claims because the previous plaintiffs failed to protect the other potential members of the class. The previous plaintiffs failed to satisfy the burden upon the party seeking certification to act promptly as practicable. The previous plaintiffs did nothing to seek class certification after the filing of the 1995 complaint. The failure of the previous plaintiffs to seek certification within the period provided under Local Rule 26.14 of the Davidson County Circuit Court has the same effect upon the tolling of the statutes of limitations as a denial of class certification. Even if we applied an

---

**3.** We reserve judgment as to whether Rule 26.14 of the Davidson County Circuit Court is consistent with statutory law and the procedural rules adopted by this Court. *See* Tenn. Sup.Ct. R. 18(c) (2007) ("[A]ny local rule that is inconsistent with a statute or a procedural rule promulgated by the Supreme Court shall be invalid."). This issue was neither briefed nor argued before us.

intrajurisdictional tolling doctrine, the statutes of limitations would have begun to run upon the expiration of the sixty days after the previous plaintiffs' suit was remanded to Davidson County Circuit Court, and the plaintiffs' action would be barred by the statutes of limitations.

### *Conclusion*

We hold that the plaintiffs' complaint is barred by the statutes of limitations. Accordingly, we reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court.

Costs of this appeal are taxed to the appellees, Anthony Tigg, Levance Madden, Jr., Ronald Elliott, Vickie Dillworth, Daphney Cecil, Hershel D. Brooks, Jr., Eugene O. Coffman, Jr., Donald Elliott, Eric Thompson, Karz Miller, and Terrence Bryson, for which execution may issue if necessary.