**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 12, 2013.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-13-00072-CV

---

### IN RE J. B. H., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 98-06638J**

---

## MEMORANDUM OPINION

Relator J. B. H. filed a *pro se* petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Glenn Devlin, presiding judge of the 313th District Court of Harris County to rule on his motion to inspect and/or purchase a certified copy of the certification records in his juvenile case. According to his petition, the records in his juvenile case have been ordered sealed. Relator asserts

that he requires the copies so that he may file a post-conviction application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.07.

The juvenile court waived jurisdiction and transferred relator's case to district court. *See* Tex. Fam. Code § 54.02. [1] He proceeded to trial, a jury convicted him of aggravated sexual assault, and this court affirmed his conviction. *See Hines v. State*, 38 S.W.3d 805 (Tex. App.—Houston [14th Dist.] 2001, no pet.). [2] Thus, even though relator is seeking juvenile court records, the relief that he seeks is from a final, felony conviction. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); Tex. Code Crim. Proc. art. 11.07.

Mandamus is an extraordinary remedy that will issue only if relator demonstrates that the act sought to be compelled is purely ministerial and he has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). If the respondent trial court has a legal duty to perform a nondiscretionary act, the relator must make a demand for performance that the respondent refuses. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). The relator must also provide this court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992).

---

[1] Juvenile delinquency proceedings are civil in nature. *See Vasquez v. State,* 739 S.W.2d 37, 42 (Tex. Crim. App. 1987). Juvenile adjudications are not "convictions" for the purposes of article 11.07. *Ex parte Valle,* 104 S.W.3d 888, 889 (Tex. Crim. App. 2003). In juvenile proceedings, jurisdiction lies exclusively with the juvenile court unless it is waived and the case transferred to a court for criminal proceedings. *See* Tex. Fam. Code § 54.02. Relator's case is not a juvenile adjudication; he was tried and convicted in criminal court.

[2] We take judicial notice of our records. *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 113 n. 4 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

The Family Code provides that sealed records may be inspected only of the trial court has signed an order permitting the inspection after a request by the juvenile. The Code provides as follows:

> (h) Inspection of the sealed records may be permitted by an order of the juvenile court on the  petition of the person who is the subject of the records and only by those persons named in the order.

Tex. Fam. Code § 58.003(h). Relator has not shown that he asked the trial court to sign an order permitting the sealed records to be inspected. *See In re Z.Q.,* No. 14-12-00129-CV, 2013 WL 1761116, *3 (Tex. App.—Houston [14th Dist.] Jan. 17, 2013, no pet. h.) (not designated for publication) (on appeal from denial of habeas relief, finding waiver of complaint that juvenile record was not unsealed where appellant did not show a request for an order unsealing records was called to the trial court's attention).

Relator has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.