# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 8, 2013

## HENRY J. NAGORNY v. SHERIFF SCOTT LAYEL

**Appeal from the Circuit Court for Grainger County**
**No. 8957II     Richard Vance, Judge**

_____

**No. E2012-01705-COA-R3-CV-FILED-JULY 30, 2013**

_____

This appeal arises from a dispute over the calculation of jail time credits. Henry J. Nagorny ("Nagorny"), an incarcerated individual, filed a petition for writ of mandamus in the Circuit Court for Grainger County ("the Trial Court") seeking to compel Sheriff Scott Layel to award him jail behavior credits that allegedly were due him. The Trial Court dismissed Nagorny's petition *sua sponte*, stating that the calculation of credits is an administrative matter. Nagorny filed this appeal. We hold that the Trial Court, stating no compelling substantive basis for its decision, erred in dismissing Nagorny's petition *sua sponte*. Therefore, we reverse the judgment of the Trial Court and remand for proceedings consistent with our Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Henry Joshua Nagorny, pro se appellant.

Grainger County Sheriff Scott Layel, appellee.[1]

_____

[1]Appellee did not file a brief and does not appear to have taken any role in this case whatsoever.

## MEMORANDUM OPINION[2]

### Background

Nagorny apparently was convicted of a criminal offense in 2005, and subsequently violated his probation a number of times. In April 2007, Nagorny appeared in the Trial Court on a violation of probation and was ordered to serve 180 days in jail. In April 2009, Nagorny appeared again in the Trial Court on a violation of probation. Nagorny was ordered to serve 250 days in jail. In July 2010, Nagorny appeared yet again in the Trial Court on a probation violation. This time, Nagorny was ordered to serve the balance of his sentence.

Nagorny asserted in his petition that he was owed jail behavior credits, and he took a number of actions seeking an adjustment of his credits. In July 2011, Nagorny sent a Tennessee Department of Correction inmate inquiry form to the Records Office asking about his credits. Nagorny received the following reply: "There is nothing we can do regarding county jail behavior credits. You will need to contact the county for an adjustment if you feel an error has been made–Returning all your paperwork."

In September 2011, Nagorny filed a petition for a declaratory order with the Office of the Commissioner of the Department of Correction. In his petition, Nagorny requested that he be credited with 104 allegedly missing jail behavior credits. Nagorny attached to the petition a number of exhibits chronicling his efforts to get jail behavior credits, including a request to the Director of Sentence Management Services, a request to one Counselor Stanley, and, as already noted, an inquiry to the Records Office. Ultimately, Nagorny's petition was denied. In an October 2011 letter denying Nagorny's petition, a TDOC official wrote, in part:

> TOMIS shows that you have received jail credit (time served) for the following dates:
> - June 16-19, 2005 (4 days) (pretrial jail credit)
> - December 6, 2006 - June 4, 2007 (181 days)
> - February 5, 2009 - August 4, 2009 (181 days)
> - July 19, 2010 - through the date of this letter (480 days)

---

[2] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Jail credit (time served) is not prisoner sentence reduction credit (PSRC). Any dates awarded as jail credit after the sentence imposed date (SID) is not pretrial jail credit (PTJC) and pretrial behavior credit (PTBC) is not authorized. Pretrial jail credit (PTJC) is credit for days incarcerated prior to the sentence imposed date (SID), which in case #4006 (ct 1 & 2) is June 20, 2005.

TOMIS shows that you have received all awarded jail credit. Your sentence structure is correct and your sentence expiration dates are correct. Respectfully, your petition is denied.

In March 2012, Nagorny filed a petition for writ of mandamus in the Trial Court against Grainger County Sheriff Scott Layel seeking to be awarded jail behavior credits he allegedly was owed. In July 2012, Nagorny filed a motion for default judgment, alleging that the Sheriff had failed to take any responsive action in this case. Later in July 2012, the Trial Court, *sua sponte*, entered its order. The Trial Court's order appeared to be based on a template form, and stated: "This cause came on to be heard on the . . . Motion/Petition for calculation of jail credits . . . The Motion/Petition is dismissed . . . calculation [of credits] is administrative matter. See attached." Despite the "See attached" language, no documents are attached to the Trial Court's order. Shortly after entry of the Trial Court's order, Nagorny wrote a letter to the Trial Court clerk requesting the missing material, stating "please send me a copy of the attached information . . . I never received the info showing the grounds for dismissal." Nevertheless, the record contains no documents attached to the order in conjunction with the "See attached" language. Nagorny filed a timely appeal to this Court.

On appeal, we observed certain problematic features of the case. The appellee apparently had played no role in the case. Moreover, it appeared the Trial Court had dismissed Nagorny's petition *sua sponte*, without stating any compelling reason. The Trial Court's order simply stated "calculation [of credits] is administrative matter. See attached." Yet, there was no "attached" material. We remanded the case pursuant to Tenn. Code Ann. § 27-3-128 (2000) in order for the Trial Court to supplement the record so we could adequately review its judgment on appeal. We stated that this was to be done within 30 days of the filing of the Opinion, allowing 15 days after that to transmit the record to this Court. The previous Opinion was filed May 7, 2013. The Trial Court has not supplemented the record with a new order explaining its reasons for dismissing Nagorny's petition.[3] In the interest of judicial economy, we now will resolve this case on the merits.

---

[3]Nagorny filed a motion in this Court seeking sanctions against the Trial Court for its failure to supplement the record as directed. As a result of our Opinion, that motion is moot and thus denied.

**Discussion**

We consolidate Nagorny's issues on appeal as follows: whether the Trial Court erred in dismissing his petition *sua sponte*.

This case presents an unusual set of circumstances. From the record before us, it appears that the respondent/appellee has taken no role in this case at all. Moreover, it appears that the Trial Court dismissed Nagorny's petition *sua sponte*. Trial courts do, in fact, have the power to dismiss actions *sua sponte* for failure to state a claim upon which relief could be granted. *Reid v. Power*, No. E2012–02480–COA–R3–CV, 2013 WL 3282916, at *3 (Tenn. Ct. App. June 26, 2013), *perm. app. pending*. That power, however, is limited. Our Supreme Court has stated:

> On behalf of appellants it is insisted that the trial court had no authority, under the Tennessee Rules of Civil Procedure, to dismiss the complaints *sua sponte* and in the absence of a motion to dismiss filed pursuant to Rule 12. Although there is a split of authority on this subject, we are of the opinion that the trial court does have such authority, and that when he is of the opinion that the complaint fails to state a claim upon which relief may be granted, he may dismiss it, although such practice is not to be encouraged. In considering such action, the court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true.

*Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).

Our Supreme Court has discussed the standard for reviewing motions to dismiss:

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss " 'admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action.' " *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)).
>
> In considering a motion to dismiss, courts " 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.' " *Tigg v. Pirelli Tire Corp.*,

232 S.W.3d 28, 31–32 (Tenn. 2007) (quoting *Trau–Med*, 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (some internal citations omitted).

Though the Trial Court had the authority to dismiss Nagorny's petition on its own motion, it failed to support its dismissal properly. The Trial Court's July 2012 order was exceedingly brief and cryptic. A *sua sponte* dismissal should be used with the utmost discretion and restraint. As stated by our Supreme Court, "such practice is not to be encouraged." *Huckeby*, 521 S.W.2d at 571. In the instant case, there simply is no adequate foundation stated by the Trial Court for its dismissal. Nagorny's petition, which must be construed liberally, alleged that he was owed certain jail credits and that the respondent refused to give him these jail credits. With its final order unhelpfully stating only that "calculation [of credits] is administrative matter. See attached," there is no hint that the Trial Court was justified in rendering a *sua sponte* dismissal. Such a rare and drastic step must have ample justification. The Trial Court was given the opportunity to enter a new judgment showing the foundation for its *sua sponte* dismissal, but the opportunity went unused. We are not holding either that Nagorny's petition is valid or that it should not be dismissed at some point. We have no way of knowing from the record before us whether Sheriff Layel is even the proper official to be named the respondent. Rather, all we are saying is that given the sparse record, including the Trial Court's order of dismissal, the Trial Court erred in its *sua sponte* dismissal.

With the final order contained in the record before us, we can discern no sufficient basis for *sua sponte* dismissal of Nagorny's petition. Therefore, we reverse the judgment of the Trial Court and remand this case for further proceedings consistent with our Opinion.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, Sheriff Scott Layel.

_____
D. MICHAEL SWINEY, JUDGE