**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 19, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00114-CV

## IN RE J.B.H., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1998-06638J**

## MEMORANDUM OPINION

On February 9, 2015, relator J.B.H. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Glenn Devlin, presiding judge of the 313th District Court of Harris County, to rule on his motion to inspect and/or purchase a certified copy of the certification record in his juvenile case.

The juvenile court waived jurisdiction and transferred relator's case to the district court. *In re J.B.H.*, No. 14-13-00072-CV, 2013 WL 504106, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, orig. proceeding) (mem. op.). A jury convicted relator of aggravated sexual assault and, after making a deadly weapon finding, sentenced him to life imprisonment, and this court affirmed the conviction. *See Hines v. State*, 38 S.W.3d 805, 807 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Relator brought a prior mandamus proceeding in this court, seeking to compel the trial court to rule on his motion to inspect and/or purchase a certified copy of the certification records in his juvenile case. *J.B.H.*, 2013 WL 504106, at *1. Section 58.003(h) of the Texas Family Code provides that sealed records may be inspected if the trial court has signed an order permitting the request by the person who is the subject of the records. Tex. Fam. Code Ann. § 58.003(h) (West 2014). This court denied relator's mandamus petition because relator had not shown that he had asked the trial court to sign an order permitting the sealed records to be inspected. *J.B.H.*, 2013 WL 504106, at *1.

Relator asserts that he filed four motions with the juvenile court, on February 16, 2013, March 16, 2013, March 31, 2013, and March 5, 2014, requesting that (1) he be allowed to inspect or purchase a copy of the certification record; or (2) the court unseal the certification record. The juvenile court never ruled on these motions.[1]

---

[1] Relator states that he filed a petition for writ of mandamus with the Texas Court of Criminal Appeals, which ordered the trial court to respond in thirty days. According to relator, the district clerk supplied a supplemental clerk's record, purposely "withholding court records filed prior to and after October 29, 1998." Relator also states that he later filed another petition

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.—Amarillo 2001, orig. proceeding). To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has not done so. Although relator has attached to his petition for mandamus relief copies of three of his four motions, relator has not provided file-stamped copies of his motions in the mandamus record, establishing that his motions are pending in the trial court. *See* Tex. R. App. P. 52.3(k), 52.7(a). Relator also has not shown that any of his motions have been presented to the trial court. The trial court is not required to consider a motion that has not been called to its attention by proper means. *See Layton*, 257 S.W.3d at 795.

---

with the Court of Criminal Appeals seeking mandamus relief. The court denied relator's second petition because relator first should have sought relief in the court of appeals pursuant to *Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Crim. App. 2003) (orig. proceeding).

Relator has not established that he is entitled mandamus relief.  Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.