# IN THE COURT OF APPEALS OF TENNESSEE AT KNOXVILLE
July 18, 2018 Session

## GEORGE A . BAVELIS v. TED DOUKAS ET AL.

**Appeal from the Chancery Court for Knox County**
No. 191625-2      Clarence E. Pridemore, Jr., Chancellor

———————————————

### No. E2017-02050-COA-R3-CV

———————————————

This is a fraudulent transfer case. Defendant-debtor purportedly orchestrated the removal and transfer of large sums of money to and from several different business entities—all of which are controlled by Defendant. Plaintiff-creditor sued, at first naming only Defendant and one entity; however, during the course of litigation, Plaintiff discovered two other entities possibly involved in Defendant's scheme. After being added as defendants, these two additional entities moved to dismiss Plaintiff's TUFTA claim against them pursuant to Tennessee Rule of Civil Procedure 12.02(6), which the trial court granted. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancert Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

W. Edward Shipe, Knoxville, Tennessee, and Christopher J. Hogan, Columbus, Tennessee, for the appellant, George A Bavelis.

Mark E. Brown, Knoxville, Tennessee, for the appellees, Athena of S.C., LLC, and FZA Note Buyers, LLC.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On May 16, 2016, Plaintiff filed a Verified Complaint for Injunctive Relief and Damages in the Knox County Chancery Court, asserting a claim under Tennessee's Uniform Fraudulent Transfer Act ("TUFTA") against Ted Doukas ("Doukas") and Likos of Tennessee Corp. ("Likos"). Nearly a month later, on June 15, 2016, Plaintiff filed a

First Amended Complaint for Injunctive Relief and Damages ("Amended Complaint"), asserting a similar claim against Doukas and Likos, but also naming as defendants Athena of SC, LLC ("Athena") and FZA Note Buyers, LLC ("FZA"). In the Amended Complaint, Plaintiff asserted that Doukas—who controls Likos, Athena, and FZA—faced substantial monetary liability to Plaintiff for fraud and breach of fiduciary duties as part of an Adversary Proceeding filed in 2010, which was pending before the U.S. Bankruptcy Court for the Southern District of Ohio.[1] According to Plaintiff, however, despite the pendency of these claims, Doukas—through Likos, Athena, and FZA—took steps to fraudulently conceal and shield his assets from Plaintiff. Such assets include two real estate properties located in Tennessee. The first pertains to certain apartment properties located in Monroe County, Tennessee, which Doukas acquired in conjunction with a settlement in a separate lawsuit ("Monroe Apartment Properties").[2] The second pertains to a parcel of real property located in Oak Ridge, Tennessee ("Oak Ridge Property").

Following a successful judicial settlement conference, a report and recommendation memorializing the *Stooksbury* settlement was submitted to the District Court. Pursuant to the settlement, the Monroe Apartment Properties were transferred to Doukas directly by two quitclaim deeds, both of which were executed on August 17, 2015. Subsequently, on August 21, 2015, both deeds were recorded with the Register of Deeds for Monroe County; however, in such recordings, the "Owner" was identified as Likos, not Doukas. Further, on August 26, 2015, Doukas and Likos executed an Assignment of Receiver's Quitclaim Deeds, which indicated that Likos, as the Assignee, had previously maintained equitable ownership of the Monroe Apartment Properties since a December 1, 2014 settlement agreement between Doukas and the receiver. Plaintiff, in the Amended Complaint, asserted that this assignment was prepared, signed, and recorded just weeks after Plaintiff had filed an emergency motion with the Bankruptcy Court for an order allowing the immediate registration of a contempt judgment against Doukas. Plaintiff also asserted that the assignment's language purporting that Likos had been the true and lawful owner of the Monroe Apartment Properties since December 1, 2014 was contrary to the report and recommendation issued in *Stooksbury*, which unequivocally stated that such properties were to be transferred to Doukas individually.

In May 2016, Likos borrowed approximately $1.4 million from Pinnacle Bank in Nashville, granting Pinnacle Bank a security interest in the Monroe Apartment

---

[1] On February 22, 2017, the Bankruptcy Court issued Proposed Findings of Fact and Conclusions of Law in which it recommended that the District Court award Plaintiff $116,600 in compensatory damages and $1,000,000 in punitive damages as a result of Doukas' fraudulent scheme. *See Bavelis v. Doukas*, Case No. 2:10-ap-02508 (Bankr. S. D. Ohio). Defendants, in their brief on appeal, admit that "[t]here is no dispute that [Plaintiff] is a creditor of [Doukas] as a result of the proceedings in the United States Bankruptcy Court for the Southern District of Ohio."

[2] That separate litigation is captioned as *Stooksbury v. Ross*, Case No. 3:12-CV-548 (E.D. Tenn.) ("*Stooksbury*").

Properties. At a June 1, 2016 hearing, Doukas testified that such loan proceeds were then used to pay off a separate obligation owed by Athena to Pinnacle Bank, which was secured by the Oak Ridge Property. The Oak Ridge Property, at the time, was being occupied by an entity called Nucsafe, which, in January 2016, purportedly conveyed, by way of a quitclaim deed, all of its interest in the Oak Ridge Property to Athena. Plaintiff, however, asserts that Doukas used the loan proceeds not to pay off Athena's debt to Pinnacle Bank, but rather to help FZA purchase a debt owed by Nucsafe to Pinnacle Bank.

On June 29, 2016, Athena and FZA moved to dismiss Plaintiff's Amended Complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6), stating that it failed to state a claim upon which relief could be granted. According to Athena and FZA, the Amended Complaint alleged a single cause of action for a fraudulent transfer from Doukas to Likos, and that Plaintiff did not—and could not—allege that either Athena or FZA had engaged in fraudulent transactions. On July 19, 2016, the day after Plaintiff filed his opposition to the motion to dismiss, Athena and FZA, together with Doukas and Likos, filed an action in the United States District Court for the Eastern District of Tennessee, requesting that the District Court order the Knox County Chancery Court to dismiss Plaintiff's Amended Complaint on the grounds that the chancery court's temporary restraining order and temporary injunction interfered with a prior order issued by the District Court.[3] Plaintiff, pursuant to Federal Rule of Civil Procedure 12(b)(6), moved to dismiss this federal action, which the District Court granted on February 22, 2017.

On August 9, 2017, with the above federal matter dismissed, the Knox County Chancery Court scheduled a hearing for the previously referenced motion to dismiss. On September 13, 2017, after hearing argument on the motion, the chancery court ruled from the bench that Plaintiff's TUFTA claim against Athena and FZA would be dismissed, stating that "it's clear from what I've seen that [Plaintiff] is not a creditor of either Athena or FZA." In the October 5, 2017 order memorializing it's ruling, the court stated that Plaintiff failed to state a claim upon which relief can be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). Plaintiff timely appealed.

### ISSUE PRESENTED

Plaintiff raises the following issue for review, which we restate as follows: Whether the trial court erred in determining Plaintiff could not assert viable claims against Athena and FZA under TUFTA on the ground that Plaintiff was not a direct creditor of either entity and, from such determination, dismissing Plaintiff's claims

---

[3] The federal action referenced here was captioned *Likos of Tennessee Corp., et al. v. Bavelis*, Case No. 3:16-cv-449 (E.D. Tenn.).

against Athena and FZA for failure to state a claim under Tennessee Rule of Civil Procedure 12.02(6).

## STANDARD OF REVIEW

"A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). "The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.* "A defendant who files a motion to dismiss 'admits the truth of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). "In considering a motion to dismiss, courts 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Perelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). "A trial court should grant a motion to dismiss 'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). Accordingly, "[t]he scope of review following the grant or denial of a motion to dismiss involves a question of law, which we review de novo, without any presumption of correctness." *Hill v. City of Memphis*, No. W2013-02307-COA-R3-CV, 2014 WL 7426636, at *3 (Tenn. Ct. App. Oct. 22, 2014) (citing *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894-95 (Tenn. 2011)).

## DISCUSSION

In its order dismissing Plaintiff's TUFTA claim as to Athena and FZA, the Knox County Chancery Court stated that Plaintiff failed to state a claim upon which relief could be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6) because "Plaintiff is not a creditor of Athena and FZA." Plaintiff, however, asserts that TUFTA—codified at Tennessee Code Annotated sections 66-3-301 *et seq.*—plainly permits a creditor[4], like Plaintiff, to recover against not only the actual debtor, but also against subsequent transferees. In Tennessee Code Annotated section 66-3-308, entitled "Remedies of creditors," TUFTA provides that a creditor may obtain "[a]n injunction against further disposition by the debtor *or a transferee*, or both, of the asset transferred or of other property." Tenn. Code Ann. § 66-3-308(a)(3)(A) (emphasis added). Moreover, section 66-3-309, entitled "Defenses, liability, and protection of transferee," provides that a creditor may recover a judgment for the value of the asset transferred and that the judgment may be entered against "[t]he first transferee of the asset or the person for whose benefit the transfer was made" or against "[a]ny subsequent transferee other than a

---

[4] TUFTA defines a "creditor" broadly as "a person who has a claim." Tenn. Code Ann. § 66-3-302(4).

- 4 -

good-faith transferee or obligee who took for value or from any subsequent transferee or obligee." *Id.* at § 66-3-309(b)(1)-(2). Furthermore, "the person who invokes this defense carries the burden of establishing good faith and the reasonable equivalence of the consideration exchanged." *Id.* at cmt. 1. Accordingly, these statutory provisions indicate that an innocent purchaser of a fraudulently transferred asset may be protected to the extent that he or she paid for the asset; however, such purchaser must have purchased in good faith. After our review of Plaintiff's allegations in the Amended Complaint and the relevant statutory language referenced above, we are of the opinion that Plaintiff presented sufficient factual allegations such that the Knox County Chancery Court's dismissal of Plaintiff's TUFTA claim against Athena and FZA was in error.

As Plaintiff asserts in the Amended Complaint, Doukas assigned and transferred ownership of the Monroe Apartment Properties to Likos without any consideration and with the intent to hinder Plaintiff in his efforts to collect on an anticipated judgment in the Adversary Proceeding. Doukas then orchestrated the removal of $1.4 million in equity from the Monroe Apartment Properties. Subsequently, Doukas made that sum available to Athena and/or FZA, although there are different accounts as to whom and for what purpose. In the Amended Complaint, Plaintiff claimed that Doukas, at the June 1, 2016 temporary injunction hearing, testified that the $1.4 million was used "to pay a separate obligation of Athena 'to pay a loan' to Pinnacle Bank.". Contrary to such testimony, however, Plaintiff, in the Amended Complaint, claimed that Doukas actually used the proceeds "to help FZA purchase a debt owed by Nucsafe to Pinnacle Bank." The intention, according to Plaintiff, was the same—to further deprive him of a potential recovery. By adding Athena and FZA as defendants in the Amended Complaint, Plaintiff was simply following the money and the transactional trail allegedly orchestrated by Doukas. Presuming the above factual allegations to be true and giving Plaintiff the benefit of all reasonable inferences, we find that the Knox County Chancery Court erred in granting Athena's and FZA's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the trial court's order is reversed, and the case is remanded for further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE