## (February 3, 1981)

■ In the Matter of BOARD OF EDUCATION OF COMMUNITY SCHOOL DISTRICT No. 29, QUEENS COUNTY, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent Board of Education of the City School District of the City of New York dated December 17, 1980, which upheld a determination of the respon-

dent Chancellor of the New York City School District, dated November 14, 1980, adopting a plan for the reassignment of students presently in attendance at the annex to Intermediate School 231, petitioner appeals from a judgment of the Supreme Court, Queens County, dated January 26, 1981, which, *inter alia,* dismissed the petition, with leave to the petitioner to appeal to the State commissioner pursuant to sections 310 and 2590-g (subd 10, par [c]) of the Education Law. Judgment affirmed, without costs or disbursements. In an effort to overcome the existing racial imbalance between the student population of Intermediate School 231 and its annex located in Public School 138, both of which are located within and subject to the jurisdiction of petitioner local board, the respondent chancellor, by determination dated November 14, 1980, ordered that the annex to I.S. 231 be closed and its student population be returned to the main building, effective February 2, 1981. The chancellor's November 14, 1980 plan substantially meets the objections raised in a prior article 78 proceeding to review an earlier determination by the chancellor to close the annex insofar as double sessions are no longer contemplated and certain rooms in the main building, I.S. 231, have been refurbished to increase that school's utilization capacity, with further alternatives to increase utilization capacity being contemplated if necessary. After the chancellor's November 14, 1980 determination was upheld by the respondent city board, petitioner commenced the instant article 78 proceeding. By judgment dated January 26, 1981, Special Term, *inter alia,* dismissed the petition with leave to the petitioner to appeal to the State commissioner pursuant to sections 310 and 2590-g (subd 10, par [c]) of the Education Law. We agree with Special Term's finding that petitioner was afforded a reasonable opportunity to respond to the chancellor's proposals. We also agree that petitioner was properly referred to the State commissioner for a determination on the merits of its claim that the chancellor's determination was educationally unsound, though not for the same reason stated by Special Term. More particularly, petitioner contends that the midyear transfer of students required by the chancellor's plan is educationally unsound and inconsistent with the policies of the city board and the State commissioner, and that serious overcrowding at I.S. 231 will result from the transfer. (As Special Term properly pointed out, the legal issue as to the chancellor's authority to direct the integration of I.S. 231 had already been determined favorably to respondents on the prior article 78 proceeding.) These issues do not raise questions of law traditionally cognizable only in the courts, such as alleged violations of statutory or constitutional provisions. Nor did the educational authorities act in a judicial or quasi-judicial capacity in making their determination, in which case the substantiality of the underlying evidence would be examined by the courts (see *James v Board of Educ.,* 42 NY2d 357, 365). Rather, we are here dealing with matters of educational policy, committed to the professional judgment and discretion of those responsible for the administration of the public schools and, hence, inappropriate for resolution by the courts (see *Matter of Bokhair v Board of Educ.,* 43 NY2d 855). Where, as here, the chancellor and the city board have exercised their lawfully delegated discretion, review should be sought from the Commissioner of Education (see Education Law, § 310), not because of the doctrine of exhaustion of administrative remedies but because the responsibility of developing and administering educational policy rests statutorily and constitutionally with those educational authorities, not the courts (see *Matter of Bokhair v Board of Educ., supra).* (We add that the State commissioner has since heard petitioner's appeal and, by opinion

dated Jan. 30, 1981, has upheld the city board.) Mollen, P. J., Hopkins, Damiani, Lazer and Thompson, JJ., concur.