■ In the Matter of DELLIE BRITT, as Parent and Guardian of EVETTE BRITT, an Infant, Respondent, v WILLIAM ROGERS, as Superintendent of School District 14 of the Board of Education, Appellant. — In a proceeding pursuant to CPLR article 78 to compel appellant to grant petitioner's application for a zoning waiver, the appeal is from a judgment of the Supreme Court, Kings County (Pizzuto, J.) dated March 15, 1984, which granted the petition and directed that the petitioner's daughter be accepted for admission into Intermediate School 318.

Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits.

The zoning plan adopted by appellant's school district assigns students to intermediate schools within the same geographic zone as their residence. Said plan is strictly enforced. A student will be permitted to transfer outside of his geographic zone only where he or she is "gifted" or handicapped and the designated school does not have a program to meet the student's special needs, or the student exhibits significant behavioral problems.

Petitioner sought a zoning waiver to enable his daughter to attend Intermediate School 318, which is located outside of the geographic zone of the family's residence. Petitioner's daughter is not "gifted", as appellant's rules define that term, nor does she meet any of the other exceptions to the zoning scheme. Accordingly, appellant denied the application. Petitioner then commenced this proceeding claiming that appellant's determination was arbitrary and capricious and violative of his constitutional right to due process of law. Special Term granted the petition. We reverse.

Appellant is empowered, by statute, to "determine the school where each pupil shall attend" (Education Law § 2503 [4] [d]). Pupil placement is a matter of educational policy, the responsibility for which lies within the professional judgment and discretion of those charged with the administration of the public schools (*Hoffman v Board of Educ.*, 49 NY2d 121; *Matter of Board of Educ. v Board of Educ.*, 80 AD2d 564). Accordingly, absent a showing of a constitutional or statutory violation, a fundamental administrative determination concerning pupil placement, which is neither arbitrary nor capricious, will not be disturbed by the courts (*Hoffman v Board of Educ., supra; Matter of Clarke v Anker,* 50 AD2d 545).

Appellant's denial of petitioner's application does not deprive the infant student of due process of law. There is no constitutionally protected interest to attend the school of one's choice (*Johnpoll v Elias,* 513 F Supp 430; *see, San Antonio School Dist. v Rodriguez,* 411 US 1). Moreover, the zoning plan is a reasonable exercise of appellant's statutory authority and is rationally related to appellant's goals of orderly placement of pupils, prevention of overcrowding and maximum utilization of educational facilities, which goals enure to the benefit of the students as well.

Appellant rendered his determination in full compliance with his strictly enforced zoning policy and, under these circumstances, his action was neither arbitrary nor capricious. While

we sympathize with petitioner's concern for his daughter's well-being and educational achievement, there is no basis in the record to warrant disturbing appellant's determination. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.