■ IRENE MCLAUGHLIN et al., Appellants, v MARIO D'ELIA et al., Respondents.—In an action for a declaratory judgment, plaintiffs appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), dated January 10, 1985, which dismissed their complaint without prejudice to plaintiffs pursuing their administrative remedies.

Judgment affirmed, with costs.

The grant of declaratory relief is discretionary (CPLR 3001). We cannot say that Special Term's refusal to grant such relief was an abuse of discretion. The resolution of this matter

"within the educational administrative structure is far more appropriate than the limited judicial review permissible. Educational policy and procedure is *[sic]* hardly a matter for court determination, except in rare instances" *(Matter of Valdivieso v Community School Bd.,* 67 Misc 2d 1007, 1010; *see also, Matter of Board of Educ. v Board of Educ.,* 80 AD2d 564, 565).

Contrary to plaintiffs' assertions, the Education Law and the regulations issued pursuant thereto provide plaintiffs with an ample opportunity for administrative review. Education Law § 2590-L permits the Chancellor to issue an order directing any community school board to cease any unlawful conduct and also provides methods for enforcing such an order. On the application by a community school board or member thereof, the central board has the power to act as an appellate board to review any order issued by the Chancellor (Education Law §§ 2590-d [3]; 2590-g [10] [a]). Additionally, the Rules and Regulations Governing Grievances Against Community Boards or Members "provide a nonstatutory administrative review of any grievances not properly before the board in its appellate capacity" *(Matter of Parents Assn. v New York City Chancellor,* 17 Ed Dept Rep 326, 328). The board's determination is in turn subject to review by the State Commissioner of Education pursuant to Education Law § 310. Therefore, plaintiffs' contention that administrative review of their claims would be "futile" lacks merit. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.