IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2017 Session

## CHRISTINE GREENWOOD v. CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002166-14      James F. Russell, Judge**

_____

### No. W2016-00897-COA-R3-CV
_____

This is a case about an unleashed German shepherd. The dog belonged to Appellant's neighbor, who allowed the dog to remain unleashed in his yard. Appellant reported this to several employees of the City of Memphis, who ultimately determined that the dog was appropriately restrained in the neighbor's yard by an invisible electric fence. Appellant was unsatisfied with this determination and filed suit against the City and its employees for tort claims and violations of her constitutional rights. The trial court dismissed Appellant's suit for failure to state a claim upon which relief could be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed & Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Christine D. Greenwood, Memphis, Tennessee, *Pro se*.

Philip E. Oliphant and Roane Waring, III, Memphis, Tennessee, for the appellees, Toney Armstrong, Martha Gwyn, James Rogers, Glenn Andrews, Susan Jordan, and City of Memphis.

### OPINION

### I. FACTS & PROCEDURAL HISTORY

Appellant, Christine Greenwood, began contacting Memphis Animal Services in August 2013 to report encounters between her family and her neighbor's unleashed dog. On October 10, 2013, Ms. Greenwood contacted the Memphis Police Department regarding the dog running at large, and the responding officer issued a warning to the

neighbor to secure the dog on a leash. A similar incident occurred on October 30, 2013, and the responding officer issued a written citation to the neighbor for his unleashed dog. In December 2013, Ms. Greenwood again called 911 regarding the neighbor's dog, but the officers responding to the neighbor's house that day learned the neighbor had installed an invisible electric fence to contain the dog within his yard, which was a legal method of restraint pursuant to Memphis City Ordinance § 8-16-6(c)(3). After this discovery, the Memphis Police Department and Memphis Animal Services determined that the neighbor was in compliance with leash laws and regulations, and Ms. Greenwood was told that the matter had been resolved. Nevertheless, Ms. Greenwood persisted in her calls to city officials with concerns that the invisible fence may not work and fears that she and her family were in imminent danger. As Ms. Greenwood herself stated, her anxiety over the neighbor's dog and the invisible fence began to "consume" her.

Ms. Greenwood subsequently initiated this lawsuit *pro se* against the City of Memphis (the "City") and five employees of the Memphis Police Department and Memphis Animal Services (collectively the "Employees") in Shelby County Circuit Court on May 14, 2014. In her complaint, Ms. Greenwood asserted that her neighbor allowed his German shepherd dog to roam unleashed in his yard and that the City's willingness to allow the dog to be restrained by only an invisible electric fence caused her emotional distress and violated her constitutional rights. To that end, Ms. Greenwood sought damages against the defendants based on the following:

> Governmental Tort Liability Act, the Common Law of Tennessee, City of Memphis Ordinance Statutes, State of Tennessee Dog Leash Laws, Public and Private Nuisance laws, violation and deprivation of United States Constitutional Rights, Human Rights Act and Civil Rights Act; Discrimination Act, negligent deprivation and violation of right to enjoyment of life and liberty; negligen[t] deprivation and violation of right to enjoy property peacefully and quietly without dangerous interference; negligent deprivation and violation to private and public life without being in fear for life and safety, and fear for life and safety of family members; negligent deprivation and violation in failing to provide equal protection to all citizens; . . . negligent deprivation and violation of human rights; negligent deprivation and violation of due process rights, intentional discrimination, and all other applicable laws and protected rights deprived and violated.

Based on Ms. Greenwood's constitutional claims, the City removed the case to federal district court on June 12, 2014. The procedural history of this case at the federal court stage is not entirely clear from the record. However, on May 1, 2015, the federal court ruled that all federal claims against both the Employees and the City were

dismissed, finding that Ms. Greenwood failed to state a claim against any defendant for a violation of her constitutional rights. Further, the federal court declined to exercise supplemental jurisdiction over Ms. Greenwood's Tennessee state law claims pursuant to 28 U.S.C. § 1367(c)(3) and remanded those claims back to Shelby County Circuit Court.

On remand in circuit court, Ms. Greenwood filed an amended complaint on May 26, 2015, and continued to assert an array of state law claims against the defendants for "violation under the Governmental Tort Liability Act, the Common Law of Tennessee, Strict Liability Laws, City of Memphis Animal Ordinance Statutes, State of Tennessee Dog Leash Laws, Public and Private Nuisance Laws, Intentional Infliction of Emotional Distress, Negligence, Negligent Infliction of Emotional Distress, Discrimination, Conspiracy, and Fraudulent Misrepresentation." On June 16, 2015, the City filed a motion to dismiss Ms. Greenwood's tort claims against the Employee defendants, averring that the Employees were not proper parties to these claims because where a governmental entity's immunity (such as the City's) is removed for an alleged negligent act of an employee (as it was in this case), Tennessee Code Annotated section 29-20-310(b) provides that the governmental employee involved is immune from an individual-capacity suit for the same tort. The trial court granted the City's motion to dismiss the Employees on September 18, 2015, which left the City as the sole remaining defendant in the case.

The City also moved for judgment on the pleadings pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, alleging that the City was immune from suit on all of Ms. Greenwood's allegations by virtue of the Tennessee Governmental Tort Liability Act ("TGTLA"), codified at Tennessee Code Annotated section 29-20-101 et seq., and the public duty doctrine. The trial court granted the City's motion for judgment on the pleadings, thereby disposing of Ms. Greenwood's entire case on October 16, 2015. Ms. Greenwood filed several post-judgment motions that were denied. She then timely filed this appeal.

ISSUES PRESENTED

In her appellate brief, Ms. Greenwood sets forth a statement of issues presented for review in the form of an extraordinarily confusing argument that spans four pages of her brief. We reject Ms. Greenwood's attempts to argue issues on appeal that are in no way relevant to the trial court's proceedings or final order, whether it be her claims of fraud against this Court, treason, or the like. We have determined that the following issues raised by Ms. Greenwood are dispositive of this appeal:

1.   Whether the trial court properly granted the City's motion to dismiss Ms. Greenwood's claims of negligence and intentional infliction of

emotional distress against the Employee defendants?

2. Whether the trial court properly granted the City's motion for judgment on the pleadings and dismissed Ms. Greenwood's claims of negligence and negligent infliction of emotional distress against the City?

## IV. DISCUSSION

A motion to dismiss for failure to state a claim, pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, challenges the legal sufficiency of a complaint and is determined by an examination of the pleadings alone. *See Webb. v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). A defendant who files such a motion admits the truth of the relevant and material allegations in the complaint but asserts that those allegations fail to establish a cause of action. *Id.* "In considering a motion to dismiss, courts 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). On appeal, we review the trial court's legal conclusions regarding the adequacy of the complaint *de novo* with no presumption of correctness. *See Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013).

### 1. Dismissal of City Employees

On appeal, Ms. Greenwood argues that the trial court erred in dismissing her claims against the Employees "on claims of negligence and intentional infliction of severe emotional distress." Regarding Ms. Greenwood's allegations of negligence against the Employees, the trial court held that "[b]ecause the City employees named as defendants here, acting within the course and scope of their duties as employees, are immune from suit from Plaintiff's claims of negligence on their part, the Court concludes that the City's motion to dismiss should necessarily be granted."

Pursuant to the TGTLA:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:

(1) The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;

4

(2) False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;

(3) The issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization;

(4) A failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property;

(5) The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause;

(6) Misrepresentation by an employee whether or not such is negligent or intentional;

(7) Or results from riots, unlawful assemblies, public demonstrations, mob violence and civil disturbances;

(8) Or in connection with the assessment, levy or collection of taxes; or

(9) Or in connection with any failure occurring before January 1, 2005, which is caused directly or indirectly by the failure of computer software . . . .

Tenn. Code Ann. § 29-20-205. The TGTLA further provides that "[n]o claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter." Tenn. Code Ann. § 29-20-310(b). Because the TGTLA specifically removes immunity of a governmental entity for negligent acts and omissions of its employees, the governmental employee who allegedly perpetrated said negligent act or omission may not be sued in their individual capacity for the same tort. *See id.* To that end, we affirm the trial court's dismissal of any of Ms. Greenwood's allegations that could be construed as claims of negligence against the Employees.

On the other hand, a governmental entity is not generally liable for the intentional torts of its employees. *See, e.g.*, Tenn. Code Ann. § 29-20-205(2) (providing exceptions to the removal of governmental immunity for "[f]alse imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of

5

process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.") (emphasis added). Ms. Greenwood claims, therefore, that the Employees are individually liable to her for intentional infliction of emotional distress. The trial court held that "the facts alleged in Plaintiff's complaint fail to support a claim of intentional infliction of emotional distress. To the contrary, all Plaintiff's averments, taken in a light most favorable to Plaintiff, sound in simple negligence. Reasonable minds can reach no other result." We agree. While Ms. Greenwood's amended complaint contains allegations that she suffered "severe emotional distress," her averments lack any allegations of intentional or reckless conduct by the Employees that are required to sustain a claim for intentional infliction of emotional distress. *See Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 210 (Tenn. 2012) (stating that a plaintiff must "prove that [a] defendant's conduct was: (1) intentional or reckless; (2) so outrageous that it is not tolerated in a civilized society; and (3) caused her to suffer severe mental injury" in order to prevail on a claim of IIED.). Ms. Greenwood's amended complaint generally alleges that the Employees have endangered her life by choosing to believe her neighbor when he said that the German shepherd is contained within his yard by an invisible electric fence. Ms. Greenwood makes no allegation that she has been physically harmed by the animal either before or after the Employees determined that the neighbor was in compliance with the City's leash law ordinance. The facts alleged in Ms. Greenwood's complaint simply fail to form the basis of "intentional or reckless" conduct by the Employees to sustain a claim for intentional infliction of emotional distress. We hold that the trial court properly dismissed all of Ms. Greenwood's claims against the Employees.

2. Dismissal of City

Ms. Greenwood also alleges that the trial court erred in granting the City's motion for judgment on the pleadings as to her claims of negligence and negligent infliction of emotional distress. The TGTLA is the proper avenue by which Ms. Greenwood may assert these claims against the City. As a threshold issue, the TGTLA does generally remove the City's immunity for negligence and negligent infliction of emotional distress. *See generally*, Tenn. Code Ann. § 29-20-205; *Sallee v. Barrett*, 171 S.W.3d 822, 829 (Tenn. 2005) (holding that governmental entities retain immunity from suits for intentional infliction of emotional distress but not for claims of negligent infliction of emotional distress). Ms. Greenwood's claims must still be dismissed, however, because her amended complaint fails to allege facts that constitute causes of action for negligence or negligent infliction of emotional distress.

Specifically, Ms. Greenwood has not established the first element of negligence, which would be that the City owed a duty to her that was distinct from the duty the City owes to the public at large. The common law public duty doctrine "shields a public

6

employee from suits for injuries that are caused by the public employee's breach of a duty owed to the public at large." *Ezell v. Cockrell*, 902 S.W.2d 394, 397 (Tenn. 1995). Ms. Greenwood is seeking recovery from the City for an alleged breach of a duty that is owed to the public – enforcing city and state animal control laws. The public duty doctrine immunizes the City against such a suit.

Ms. Greenwood alleges, however, that the City's actions created a "special duty" of care flowing from the City to Ms. Greenwood and her family. In her brief on appeal, Ms. Greenwood notes that "a special duty claim negates a public duty doctrine defense only under very narrow circumstances."

> [A] special duty of care exists when 1) officials, by their actions, affirmatively undertake to protect the plaintiff, and the plaintiff relies upon the undertaking; 2) a statute specifically provides for a cause of action against an official or municipality for injuries resulting to a particular class of individuals, of which the plaintiff is a member, from failure to enforce certain laws; or 3) the plaintiff alleges a cause of action involving intent, malice, or reckless conduct.

*Ezell*, 902 S.W.2d at 402. Ms. Greenwood appears to rely on subpart (1), referenced in *Ezell*, for the special duty exception for the public duty doctrine, but she alleges facts that are diametrically opposed to this position. Ms. Greenwood herself best illustrates this point in her response to the City's motion for judgment on the pleadings:

> <u>The City formed a special duty and breached that duty in which Greenwood relied upon for [her] safety when the City never apprehended [the] at large German shepherd</u>. Starting November 21, 2013 through May 5, 2015 Greenwood was *disbelieved* and *discredited* after the rotation of police officers, and on February 1, 2014 Greenwood was warned and told to stop calling 911 City police by Defendant Lieutenant Martha Gwyn who then [determined that] no danger exist[ed]. City employees *never* performed a meaningful thorough adequate investigation and, thereby, *never* witnessed [the] unleashed dog, *never* cited the neighbor, *never* impounded [or] euthanized the dog, exhibiting total disregard for the safety of the Greenwood family caused by no training and knowledge as to "invisible electric fencing" and no training and know-how of collecting "all evidence" and "all testimony" available to enable the City to perform adequate and meaning[ful] thorough investigations required to stop a perpetrator and his negligent dangerous illegal ongoing acts that are life threatening against humans.

(Emphasis in original.) As is evident from the excerpt above, the gravamen of Ms. Greenwood's complaint against the City is that it did nothing – the Employees believed the neighbor when he said he had an electric fence and they took no further action regarding the dog, which has left her feeling unsafe. This is the opposite scenario of the City affirmatively undertaking a duty to protect Ms. Greenwood and her relying on it.

Regarding the second criteria for the special duty exception discussed in *Ezell*, Ms. Greenwood has not alleged in her pleadings or otherwise argued that she is a member of any particular class of individuals authorized to bring suit against the City or its Employees for their failure to enforce animal control laws. Furthermore, as we have previously discussed herein, the facts alleged in Ms. Greenwood's complaint do not constitute intentional, malicious, or reckless conduct by the City or its Employees, which is required to prove the special duty exception under the third *Ezell* criteria. In sum, we determine that Ms. Greenwood's complaint fails to allege facts to support the application of the special duty exception to the public duty doctrine. Accordingly, we affirm the trial court's dismissal of Ms. Greenwood's claims against the City for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are taxed to the appellant, Christine Greenwood, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

8