IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 6, 2019 Session

## MILCROFTON UTILITY DISTRICT OF WILLIAMSON COUNTY, TENNESSEE v. NON POTABLE WELL WATER, INC. ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 18-455-IV        Russell T. Perkins, Chancellor**

_____

**No. M2018-01431-COA-R3-CV**

_____

J. STEVEN STAFFORD, P.J., W.S., dissenting in part.

While I agree with the majority's decision regarding the timeliness of Milcrofton's action, I must respectfully dissent from the majority's decision that the trial court lacked subject matter jurisdiction over this case.

As recited in the majority opinion, Milcrofton filed this action in the Davidson County Chancery Court seeking a declaratory judgment under the auspices of Tennessee Code Annotated section 4-5-225(a). Section 4-5-225(a) provides that

> The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

The trial court, however, ruled that Milcrofton's complaint did "not challenge the legal validity or the applicability of a statute, rule or Order of an agency that interferes with or impairs the legal rights or privileges of the complainant." As such, the trial court dismissed Milcrofton's complaint on the basis that it lacked subject matter jurisdiction over the case. The majority agrees, concluding that Milcrofton's characterization of its own complaint is "specious."

In analyzing this issue, I keep in mind the standard of review applicable to motions to dismiss. In considering a motion to dismiss, courts "must construe the

complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." ***Tigg v. Pirelli Tire Corp.***, 232 S.W.3d 28, 31–32 (Tenn. 2007).[1] As such, we must consider whether the allegations in the complaint fall with the ambit of section 4-5-225(a).

Here, Milcrofton's complaint contains the following allegations related to its request for declaratory judgment:

> 30. The definition of "public utility" in Tenn. Code Ann. § 65-4-101(6) applies to [Mr. Powell and Non-Potable] and their water system in King's Chapel Subdivision. Furthermore, the requirement of a certificate of public convenience and necessity in Tenn. Code Ann. § 65-4-201(a) and other requirements in Title 65, Chapter 4 of the Tennessee Code apply to [Mr. Powell and Non-Potable] and their water system in King's Chapel Subdivision.
> 31. [Mr. Powell and Non-Potable's] violation of such requirements, along with TPUC's refusal to enforce such requirements, interferes with Milcrofton's exclusive legal right to serve water to customers in King's Chapel Subdivision.
> 32. The exception to TPUC's jurisdiction in Tenn. Code Ann. § 7-82-104(a) did not apply to Milcrofton's petition because Milcrofton was not asking TPUC to exercise control over Milcrofton in the management and control of its water system. Rather, Milcrofton was asking TPUC to exercise control over [Mr. Powell and Non-Potable] privately-owned and illegally-operated water system.
> 33. TPUC's misinterpretation of Tenn. Code Ann. § 7-82-104(a) and refusal to grant Milcrofton's petition interfere with Milcrofton's exclusive legal right to serve water to customers in King's Chapel Subdivision.
> 34. Pursuant to Tenn. Code Ann. § 4-5-225(a), Milcrofton is entitled to a declaratory judgment and ancillary relief from the Court.

From my review, Milcrofton's complaint seeks a declaration that certain statutes, i.e., sections 65-4-101 and 65-4-201, apply to Non Potable's activities, and that its refusal to comply with the requirements contained therein renders its activities illegal. These allegations therefore appear to fall squarely within section 4-5-225(a)'s initial requirement that the action involve the "applicability of a statute . . . to specified circumstances." Moreover, the complaint specifically states that Non Potable's actions have interfered with Milcrofton's exclusive right to provide water to the King's Chapel

---

[1] Although the consideration of outside evidence does not convert a motion to dismiss to a motion for summary judgment when the basis is a lack of subject matter jurisdiction, it does not appear that any outside evidence was considered by the trial court or the majority in rendering their decisions. *See generally* Tenn. R. Civ. P. 12.02.

Subdivision, satisfying the second prong of section 4-5-225(a) (requiring that the challenged application "interferes with or impairs . . . the legal rights or privileges of the complainant"). Thus, reading the complaint in the light most favorable to it, I simply cannot conclude that Milcrofton's complaint does not fall squarely within the ambit of section 4-5-225(a).[2] Accordingly, Milcrofton's request for a declaratory judgment and injunction are appropriate under this statute.[3] I must therefore respectfully dissent from the majority opinion.

_____
J. STEVEN STAFFORD, JUDGE

---

[2] Both the majority opinion and the trial court decline to state which court would have jurisdiction over this claim other than the Davidson County Chancery Court. In failing to provide this guidance, Milcrofton is more or less deprived of its day in court. Moreover, even if section 4-5-225(a) was not the proper statute for bringing this claim, nothing in the record indicates that the chancery court would lack subject matter jurisdiction over such a claim. For example, Tennessee Code Annotated section 29-14-102 provides that "[c]ourts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." *See also **Grant v. Anderson***, No. M2016-01867-COA-R3-CV, 2018 WL 2324359, at *4 (Tenn. Ct. App. May 22, 2018), *perm. app.denied* (Tenn. Oct. 10, 2018) (noting that the chancery court is a court of record with jurisdiction over claims for declaratory relief under section 29-14-102). Thus, if Davidson County is not the proper venue for this claim, then transfer to the proper venue, rather than dismissal, is appropriate. Finally, even where a court lacks jurisdiction, if there is a court that has jurisdiction, Tennessee law allows for the transfer of the case to the appropriate court. *See* Tenn. Code Ann. § 16-1-116. Thus, under any circumstance, dismissal was simply not appropriate in this case.

[3] I express no opinion as to whether Milcrofton is in fact entitled to a declaratory judgment under these circumstances.