IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 10, 2023 Session

## J.E. ALLEN COMPANY, LLC v. PROGRESS CONSTRUCTION INC. ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-19-1610     JoeDae L. Jenkins, Chancellor**

_____

**No. W2022-00648-COA-R3-CV**

_____

An owner and a contractor executed a standard form construction agreement.  The contract identified the "Contractor" as a corporation and two individuals.  Only one of the individuals signed the contract, but he did so as president of the corporation.  After a dispute arose with a supplier, the owner filed a third-party complaint against the individual who signed on behalf of the corporation.  The individual moved to dismiss and/or for judgment on the pleadings, arguing that he was not a party to the contract.  The court agreed and dismissed the claims against him with prejudice.  We reverse.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Michael I. Less and Andrew B. Schrack, Memphis, Tennessee, for the appellant, Tennessee Hotel Group, LLC.

Jeremy G. Alpert and Aubrey B. Greer, Memphis, Tennessee, for the appellee, Yogesh Purohit.

## MEMORANDUM OPINION[1]

## I.

Tennessee Hotel Group, LLC retained a general contractor to oversee renovations to a hotel in Memphis, Tennessee.  The parties executed an American Institute of Architects

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  TENN. CT. APP. R. 10.

("AIA") standard form contract between owner and contractor.[2]  The contract identified Tennessee Hotel Group as the "Owner" and Progress Construction, Inc., Yogesh Purohit, and William Mann as the "Contractor" on the project.  On June 19, 2019, Tennessee Hotel Group sent Progress Construction, Mr. Purohit, and Mr. Mann written notice of default based on the Contractor's failure to meet the substantial completion deadline in the contract.  And it hired another contractor to supplement their work.

During the renovations, Progress Construction purchased supplies and labor from J.E. Allen Company, LLC.  Alleging that it was never paid, J.E. Allen filed suit against Tennessee Hotel Group, Progress Construction, and Mr. Mann[3] for breach of contract, unjust enrichment, and violation of the Prompt Pay Act.  *See* Tenn. Code Ann. §§ 66-34-101 to 704 (2022).  Tennessee Hotel Group, in turn, filed a crossclaim against Progress Construction and Mr. Mann and a third-party complaint against Mr. Purohit.  It sought indemnification and damages for breach of contract.

After filing an answer, Mr. Purohit moved to dismiss and/or for judgment on the pleadings.  He signed the contract only as a corporate representative, not an individual.  Thus, he argued he was not a party to the contract.  And the claims against him should be dismissed.  He also asked for an award of costs and attorney's fees.  *See id.* § 20-12-119(c) (2021).

The trial court granted Mr. Purohit's motion.  The contract was signed by Tennessee Hotel Group and Progress Construction.  Mr. Purohit did not provide an individual signature, and there was no signature line for him to do so.  Based on the "four corners of the contract," the court found "no intent to bind Mr. Purohit" as an individual.  Nor did the third-party complaint allege that the parties intended for Mr. Purohit to act as a party to the contract.  So the court dismissed the claims against Mr. Purohit and granted him an award of fees.  And it directed entry of a final judgment.  *See* TENN. R. CIV. P. 54.02(1).

## II.

We review the grant of a motion for judgment on the pleadings the same as the grant of a Rule 12.02(6) motion to dismiss.  *Harman v. Univ. of Tenn.*, 353 S.W.3d 734, 736 (Tenn. 2011); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).  We accept the

---

[2] The parties used a version of AIA Document A101 — 1997 Standard Form of Agreement Between Owner and Contractor, which expressly incorporated AIA Document A201 — 1997 General Conditions of the Contract for Construction, and a set of Supplementary Conditions.  "The standard form contracts published by the AIA are the most widely used and generally accepted standard contract forms in use within the construction industry."  *Gables Constr., Inc. v. Red Coats, Inc.*, 228 A.3d 736, 748 (Md. 2020) (citing 4 Philip L. Bruner & Patrick J. O'Connor, Jr., *Bruner & O'Connor on Construction Law* § 5:2 (2002)).

[3] Mr. Mann personally guaranteed the supplier agreement with J.E. Allen.

2

factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007) (citation omitted). Viewed in that light, the complaint "must contain sufficient factual allegations to articulate a claim for relief." *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010). The complaint should not be dismissed unless "it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). Whether the factual allegations in the complaint state a claim for relief is a question of law, which we review de novo. *Harman*, 353 S.W.3d at 736-37.

An enforceable contract is an essential element of a breach of contract claim. *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). Tennessee Hotel Group alleged that it entered a contract with Mr. Purohit. And it attached the written contract as an exhibit to the complaint. Thus, the contract became part of the pleadings. TENN. R. CIV. P. 10.03. The contract identified Mr. Purohit as a party. On its face, the contract indicated that it was an agreement between the Owner, Tennessee Hotel Group, and the Contractor, identified as Progress Construction, Mr. Purohit, and Mr. Mann.

Mr. Purohit pointed to the contract's signature block to demonstrate that he was not a contracting party. He signed the contract on behalf of Progress Construction. And the contract did not require additional signatures. But the lack of an individual signature is not dispositive here. The contract did not have to be signed to be enforceable. *See Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005); *T.R. Mills Contractors, Inc. v. WRH Enters., LLC*, 93 S.W.3d 861, 865 (Tenn. Ct. App. 2002). And "parties can become contractually bound absent their signatures." *Harvey ex rel. Gladden v. Cumberland Tr. & Inv. Co.*, 532 S.W.3d 243, 265 (Tenn. 2017) (citation omitted).

An enforceable contract requires mutual assent to be bound by the contract terms. *T.R. Mills Contractors, Inc.*, 93 S.W.3d at 865. Courts determine mutuality of assent using an objective standard based on the parties' outward manifestations. *Staubach Retail Servs.-Se., LLC*, 160 S.W.3d at 524. A party's signature can demonstrate the intent to be bound by the contract terms. *Moody Realty Co., Inc. v. Huestis*, 237 S.W.3d 666, 674 (Tenn. Ct. App. 2007). But "[t]he parties' actions or inactions, as well as spoken words," can serve the same purpose. *Id.*; *see also Staubach-Retail Servs.-Se., LLC*, 160 S.W.3d at 524-25 (holding that the parties' performance demonstrated mutual assent to be bound).

"[A] complaint should not be dismissed, no matter how poorly drafted, if it states a cause of action." *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). Tennessee Hotel Group sufficiently pleaded a claim for breach of contract. It alleged a contractual relationship with Mr. Purohit and attached a written contract that identified Mr. Purohit as a party. The absence of an individual signature on the contract does not negate these allegations. So the complaint should not have been dismissed. *Cf. Hampton*

*v. Hawker Powersource, Inc.*, No. E2022-00258-COA-R3-CV, 2023 WL 3002492, at *6-7 (Tenn. Ct. App. Apr. 19, 2023), *perm. app. denied*, (Tenn. Aug. 8, 2023) (affirming dismissal of breach of contract claim because complaint contained no allegations of a contractual relationship); *Nashville Tenn. Ventures, Inc. v. McGill*, No. M2020-01111-COA-R3-CV, 2021 WL 2070133, at *4 (Tenn. Ct. App. May 24, 2021) (dismissal appropriate when contract did not identify defendant as a party); *Le-Jo Enters., Inc. v. Cracker Barrel Old Country Store, Inc.*, No. M2013-01014-COA-R3-CV, 2013 WL 6155622, at *4-5 (Tenn. Ct. App. Nov. 20, 2013) (dismissal appropriate when complaint did not allege contract between plaintiff and defendant).

## III.

The factual allegations in the third-party complaint state a claim for breach of contract. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE
